O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| STACY OLLEY, | ) | Case No. CV 10-6786-MLG |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff Stacy Olley ("Plaintiff") seeks review of the Commissioner's final decision denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

**I.  Factual and Procedural Background**

Plaintiff was born on January 15, 1965. (Administrative Record ("AR") at 25). She has a high school education, but no past relevant work experience. (AR at 25).

Plaintiff originally filed an application for SSI on June 18, 2004, (AR at 31). Plaintiff was found not disabled after a hearing before an administrative law judge. (AR at 31-38). The ALJ's decision was subsequently affirmed by the Appeals Council and this Court. (AR at 19); *see Olley v. Astrue*, EDCV 08-00018-MLG.

On January 4, 2008, Plaintiff filed a second application for SSI, alleging that she has been disabled since December 9, 2007, due to numbness in her hands, chronic diarrhea, depression, and diabetes. (AR at 19, 65). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (AR at 42-46, 50-54).

An administrative hearing was held before Administrative Law Judge F. Keith Varni ("the ALJ") on January 8, 2010. (AR at 220-34). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 222-34). The ALJ issued a decision on February 10, 2010, finding that Plaintiff had not met her burden of establishing changed circumstances to rebut the presumption of continuing non-disability. (AR at 19); *see Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (applying the rule of res judicata to administrative decisions). The ALJ also found that Plaintiff: (1) has not engaged in substantial gainful activity since her alleged onset date (step 1); (2) suffers from severe impairments, including diabetes, gastroesophageal reflux disease with diarrhea, and status post hysterectomy (step 2); (3) does not have any impairments that meet or equal the criteria of a listed impairment (step 3); (4) has a residual functional capacity ("RFC") to perform a range of light work;[1]

---

[1] Specifically, the ALJ found that Plaintiff is able to lift and carry 10 pounds frequently and 20 pounds occasionally, sit with normal breaks for six hours in an eight-hour workday, stand and/or walk with normal breaks for six hours in an eight-hour workday, push and pull without limitation, and perform gross and fine manipulation, including

2

and (5) a finding of "not disabled" is directed by section 202.20 of the grids, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (step 5). (AR at 25-26).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR at 11). While Plaintiff's request was pending, Plaintiff submitted additional evidence to the Appeals Council. (AR at 11, 196-201). On July 3, 2010, the Appeals Council denied review, leaving the ALJ's decision as the "final decision of the Commissioner." (AR at 5-7). The Appeals Council found that the newly submitted evidence did not provide a basis for changing the ALJ's decision. (AR at 6).

Plaintiff commenced this action for judicial review on September 17, 2010. The parties filed a Joint Stipulation outlining the disputed facts and legal issues on April 20, 2011. Plaintiff contends that the ALJ erred by applying the presumption of continuing non-disability because she presented evidence demonstrating a deterioration in her condition. (Joint Stipulation at 4). Further, Plaintiff asserts the residual functional capacity assessment was not supported by substantial evidence and the ALJ erred in discounting Plaintiff's subjective symptom testimony. (Joint Stipulation at 3-5, 10-13, 16-17). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stipulation at 18). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 18). The Joint Stipulation has been taken under submission without oral argument.

//
//
//

---

grasping, holding, turning, picking, and pinching. (AR at 22).

**II. <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. DISCUSSION**

Plaintiff argues that the medical evidence in the record demonstrates that her condition deteriorated since the prior decision denying benefits in 2006, and that the ALJ's current assessment of her residual functional capacity assessment is not supported by substantial evidence. *See Chavez v. Bowen*, 844 F.3d 691, 693 (9th Cir. 1988) (explaining that a presumption of continuing nondisability may be rebutted by proving "changed circumstances" indicating a greater

4

disability); Acquiescence Ruling 97-4(9). In particular, Plaintiff argues that the ALJ failed to properly consider the opinion of her treating physician, David Vargas, M.D. (Joint Stipulation at 4).

Dr. Vargas began treating Plaintiff in June 2007. (AR at 120, 201). His records show that Plaintiff suffered from major depression, irritable bowel syndrome, gastroesophageal reflux disease, and poorly controlled diabetes. (AR at 115-20, 181-82, 185, 190, 192, 194). Dr. Vargas prescribed a variety of medications for these conditions. Nevertheless, he noted on one occasion that medication had not helped Plaintiff's neuropathy pain. (AR at 115). He also reported that Plaintiff had been experiencing suicidal thoughts. (AR at 182).

The ALJ gave little consideration to Dr. Vargas's records. In determining that Plaintiff had failed to establish a deterioration in her condition since the 2006 unfavorable decision, the ALJ stated that Plaintiff's physical examinations were essentially normal. (AR at 24). The ALJ found that Plaintiff suffered from the same impairments that were considered severe in 2006 (*i.e.*, diabetes, gastroesophageal reflux disease with diarrhea, and status post hysterectomy).

This finding was inconsistent with Dr. Vargas's opinion. (AR at 21-22). In addition to treating Plaintiff for gastroesophageal reflux disease, poorly controlled diabetes, and major depression, Dr. Vargas also diagnosed Plaintiff with irritable bowel syndrome. (AR at 115-20, 181-82, 185, 190, 192, 194). Because Dr. Vargas was Plaintiff's treating physician, his opinion was entitled to special weight. *See* 20 C.F.R. § 416.1527 ; *Reddick*, 157 F.3d at 725; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ cited the report of the non-examining state agency physician to support his assessment of Plaintiff's physical

impairments. (AR at 24). However, the opinion of a non-examining doctor cannot alone constitute substantial evidence to warrant the rejection of the opinion of a treating physician. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996). Thus, the ALJ's conclusion that Plaintiff failed to meet her burden of showing changed circumstances is not supported by substantial evidence. Acquiescence Ruling 97-4(9) (explaining that changed circumstances include an increase in the severity of the claimant's impairments, the existence of a new impairment, a change in the criteria for determining disability, and a change in age status).

Even if a claimant is able to demonstrate changed circumstances to overcome the presumption of continuing non-disability, a prior ALJ's assessment of her residual functional capacity assessment is still entitled to some res judicata consideration. *Chavez*, 844 F.2d at 694; Acquiescence Ruling 97-4(9) ("Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."). Here, rather than adopt the prior ALJ's residual functional capacity finding, the ALJ in the current case determined that Plaintiff's ability to perform light work actually improved since the 2006 decision.[2] Once the ALJ determined that Plaintiff demonstrated changed

---

[2] In 2006, the ALJ found that Plaintiff was limited to occasional use of her right hand for handling and fingering, restricted from using a forceful grip or bilateral grasp and needed to alternate use of her hands every 15 minutes while driving. (AR at 34). In the current decision, the ALJ found that Plaintiff can push and pull without limitation and can perform frequent gross and fine manipulation. (AR ta

circumstances with respect to her residual functional capacity, the ALJ was obligated to reassess Plaintiff's current residual functional capacity in its entirety. *See Chavez*, 844 F.2d at 693-94; Acquiescence Ruling 97-4(9).

In March 2010, Dr. Vargas completed a physical residual functional capacity questionnaire on Plaintiff's behalf. (AR at 197-2010). Dr. Vargas's opinion stands in stark contrast to the ALJ's residual functional capacity assessment. (AR at 197-201). Dr. Vargas opined that Plaintiff suffers from diffuse abdominal pain "up to 10/10" with cramping and diarrhea "8-10 times daily." (AR at 197). He described Plaintiff's pain as constant, and concluded that Plaintiff is severely limited in her ability to effectively deal with work stress. (AR at 198). Dr. Vargas reported that Plaintiff has been experiencing these symptoms and limitations since June 2007. (AR at 201).

Plaintiff asserts that Dr. Vargas's questionnaire shows that the ALJ's assessment of her residual functional capacity is not supported by substantial evidence. (Joint Stipulation at 4-5, 10-11). However, the ALJ never actually had an opportunity to review the questionnaire, as it was prepared after the ALJ issued the decision. (AR at 19-26, 197-201). The Appeals Council considered the new evidence, but concluded that it did not justify review. (AR at 6).

Where a claimant is seeking review based on evidence not presented to the ALJ, the Appeals Council must only provide such review when the submitted evidence: (1) is new, (2) is material, and (3) relates to the period on or before the date of the ALJ hearing

---

22).

7

decision. *See Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also* 20 C.F.R. § 416.1470(b). Dr. Vargas's physical residual functional capacity questionnaire satisfies these criteria. It is new and Dr. Vargas stated that his findings relate to the period at issue. (AR at 197-201). The questionnaire is also material. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (explaining that evidence is material where it creates a reasonable possibility that the outcome of the case would change). While the questionnaire may be less persuasive than the contemporaneous medical evidence of record because it was prepared after the ALJ's decision, it bears directly on the issue of Plaintiff's ability to perform work-related functions. (AR at 197-201). As Dr. Vargas is Plaintiff's treating physician, there is a reasonable possibility that the new evidence that Plaintiff submitted would have changed the ALJ's decision in this case. *Booz*, 734 F.2d at 1380-81. Accordingly, remand for consideration of Dr. Vargas's new residual functional capacity questionnaire, in conjunction with the existing medical records, is appropriate. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut and the VE then may answer questions with respect to the

additional evidence.").[3]

Accordingly, IT IS ORDERED that this action be remanded for further proceedings consistent with this Memorandum Opinion.

DATED: May 10, 2011

                              MARC L. GOLDMAN
                              _____
                              MARC L. GOLDMAN
                              United States Magistrate Judge

---

[3] In light of this remand, the Court will not reach Plaintiff's remaining argument. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.